UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>LUIS OCAMPO-ESTRADA,<br><br>                                    Defendant. | Case No.:  12CR3850-JAH<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(2)** |

## I.     INTRODUCTION

Pending before the Court is Defendant Luis Ocampo-Estrada's ("Defendant" or "Mr. Ocampo") Motion to Reduce Sentence under U.S.C. § 3582(c)(2).  (ECF No. 701).  Mr. Ocampo is currently serving a 151-month sentence for conspiracy to deliver methamphetamine.  (ECF No. 654).  Defendant argues his current sentence relies on a mandatory minimum enhancement from a 2017 designation of a prior conviction, a "felony drug offense" under 21 U.S.C. § 841(b)(1)(A).  (ECF Nos. 652, 701).

Defendant seeks to reduce his current sentence pursuant to 18 U.S.C. § 3582(c)(2).  (ECF No. 701).  The United States of America (the "Government") opposes the motion.  (ECF No. 725).  Having considered the Defendant's motion,

1

the Government's response, the exhibits, and for the reasons discussed below, Defendant's motion is **DENIED**.

## II.   PROCEDURAL BACKGROUND

On June 19, 2015, Defendant Luis Ocampo-Estrada was found guilty of Conspiracy to Distribute Methamphetamine. (ECF No. 556). The jury also found the amount of actual methamphetamine in dispute weighed more than 50 grams. *Id*.

Before trial, the government filed an Information and Notice of Penalty Enhancement as a Result of Prior Felony Drug Conviction Notice under 21 U.S.C. § 851 notifying Ocampo that it would ask the Court to enhance his statutory mandatory minimum sentence from ten years to twenty years. (ECF No. 652 at 8). The enhancement was based on Ocampo's September 9, 1998, conviction, which, under 21 U.S.C. § 841(b)(1)(A) and § 851, criminalized the possession of certain controlled substances for sale as a "felony drug conviction." *Id*.

Defendant appealed his conviction and sentence. On November 3, 2017, the Ninth Circuit affirmed Ocampo's conviction, but vacated the twenty-year mandatory minimum sentence. (ECF No. 652 at 16). The Ninth Circuit determined that the prosecution failed to show that Defendant's prior conviction qualified as a felony drug offense, disqualifying the application of the sentencing enhancement. *Id*. The case was remanded to the district court for resentencing. *Id*. On December 20, 2017, in concurrence with the sentencing agreement ("Agreement")[1] presented by both parties, the Court imposed an adjusted 151-month sentence.[2] (ECF No. 654).

On August 28, 2018, Defendant filed his first 18 U.S.C. § 3582(c)(2) motion requesting to reduce his sentence. (ECF No. 660). Ocampo requested retroactive application of Amendment 782, which revised the guidelines applicable to drug offenses by reducing the offense levels for drug and chemical quantities. (ECF No.

---

[1] (ECF No. 653).
[2] The time for the sentence was calculated from the date of Ocampo's arrest on October 18, 2012.

2

663). The Court denied the motion because Defendant was sentenced after the effective date of Amendment 782. *Id*. Defendant appealed the judgment, which was subsequently upheld by the Ninth Circuit. (ECF Nos. 672, 676).

On September 20, 2021, Ocampo filed a second 18 U.S.C. § 3582(c)(2) motion again seeking to reduce his current sentence down to a guideline range of 98-121 months. (ECF No. 701). The Government opposes the motion. (ECF No. 725).

### III.   LEGAL STANDARD

As a general matter, a court may not correct or modify a prison sentence once it has been imposed. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). However, 18 U.S.C. § 3582(c)(2) permits district courts to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn,* 728 F3d. 1151, 1155 (9th Cir. 2013).

18 U.S.C. § 3582(c)(2) "establishes a two-step inquiry." *Id.* at 826. First, "[a] court must . . . determine that a reduction is consistent with § 1B1.10." *Id* at 827. This step determines whether the defendant is eligible for a sentence reduction. *United States v. Rodriguez*, 921 F.3d 1149, 1159 (9th Cir. 2019). If deemed eligible, the court will move onto the second step of the § 3582(c)(2) inquiry.

In this step, "[t]he court . . . determines whether the authorized reduction is warranted, either in whole or in part, according to the [18 U.S.C. § 3553(a)] factors." *Id.* These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the applicable sentencing range; (5) pertinent policy statements; (6) the need to avoid sentencing disparities; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The court must then find that a reduction would be consistent with applicable policy statements issued by the Sentencing Commission. *Dunn*, 728 F.3d at 1155. The defendant

3

bears the burden of making this showing. *United States v. Sprague*, 135 F.3d 1301, 1306 (9th Cir. 1998).

### IV.  DISCUSSION

Defendant argues that he should not be subject to the twenty-year sentencing enhancement because the Superior Court reduced his 1998 felony from a felony to a misdemeanor.[3] Additionally, Ocampo argues that because his 1998 conviction was demoted from a felony to a misdemeanor, he is entitled to decrease his current sentence to a range of 98 to 121 months pursuant to U.S.C. § 3582(c)(2). (ECF No. 701).

The Government opposes the motion, contending that it would be an incorrect application of the statute to reduce Defendant's sentence because the Sentencing Commission did not lower the guideline range following Ocampo's 2017 resentencing hearing. (ECF No. 725). The Government argues that: (1) "Defendant entered into a sentencing agreement . . . with the United States stipulating to a final offense level of 30, a 151-month custodial sentence;" (2) the Sentencing Guidelines have not changed since Defendant was resentenced; and (3) "the San Diego Superior Court's designation of the Defendant's prior conviction as a misdemeanor does not provide a basis for a reduction in the Defendant's sentence." (ECF 725 at 8-9).

There are two issues: (1) whether Defendant moved into a lower Criminal History Category when his felony conviction was demoted to a misdemeanor; and (2) whether Defendant fulfills the two-step inquiry under 18 U.S.C. § 3582(c)(2).

### A.  <u>The Defendant's Criminal History Category Did Not Decrease</u>

The Court finds that the designation of Ocampo's 1998 conviction from a felony to a misdemeanor by the Superior Court of the County of San Diego does not

---

[3] Defendant contends in his motion that his current sentence is 240 months. However, after the resentencing hearing on December 20, 2017, Ocampo was resentenced to 151 months.

move Defendant into a lower Criminal History Category, and, thus, does not provide a basis for a reduction of his sentence. Sentences that are later set aside for reasons unrelated to innocence or legal error have no effect on the sentence imposed. U.S.S.G., § 4A1.2 cmt. n. 10.; *United States v. Hayden*, 225 F 3d. 768, 770-74 (9th Cir. 2001); *United States v. Yepez*, 704 3d. 1087 (9th Cir. 2012) (a state court order modifying a prior sentence "nunc pro tunc" does not change the status of a defendant's criminal record existing before he commits the federal offense.)

### B. The Sentencing Guidelines Were Not Subsequently Lowered

Turning to the substantive § 3582(c)(2) analysis, Defendant is unable to fulfill the first step of the 18 U.S.C. § 3582(c)(2) inquiry. For the Court to reduce the Defendant's sentence under 18 U.S.C. § 3582(c)(2), Defendant's sentencing guideline must have been subsequently lowered by the Sentencing Commission. *Dillon v. United States,* 560 U.S. 817, 831 (2010). This did not occur.

The sentencing guideline for the 21 U.S.C. § 841(a)(1) offense involving at least 50 grams, but less than 150 grams of methamphetamine provides for a base offense level of 30. *See* U.S. Sent'g Guidelines Manual § 2D1.1(c)(5) (U.S. Sent'g Comm'n 2021). Based upon a total offense level of 30 and a Criminal History Category of III, the guideline range is 121 to 151 months, with an accompanying ten-year statutory minimum. 21 U.S.C. § 841(a)(1). This was the guideline used at the resentencing hearing, and it remains the current guideline. *See* U.S. Sent'g Guidelines Manual § 5A (U.S. Sent'g Comm'n 2021). If the Sentencing Guideline was not subsequently reduced following a sentence, a Defendant cannot use § 3582(c)(2) as a basis for reduction. *See, e.g., United States v. Spears*, 824 F.3d 908, 912-913 (9th Cir. 2016) (finding that defendant did not qualify for a reduced sentence when the drug quantity table was amended but this amendment did not change his base offense level, thus disqualifying him from reducing his sentence); *United States v. Rivera*, 775 Fed. Appx. 384, 385 (9th Cir. 2016) (explaining that amendment 782 did not lower the Defendant's applicable guideline range nor

lowered her base offense level; and thus, she was not eligible for a sentence reduction).

## C. A Reduction is Inconsistent with the Section 3553(a) Factors

Even if the Defendant satisfied the first step of 18 U.S.C. § 3582(c)(2)'s two-step inquiry, which he does not, it is the Defendant's burden to establish that a sentence reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). As stated, these factors include, but are not limited to: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the applicable sentencing range; (5) pertinent policy statements; (6) the need to avoid sentencing disparities; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a). Only once "a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, should [the judge]. . . explain why he accepts or rejects the party's position." *United States v. Rangel*, 697 F.3d 795, 805 (9th Cir. 2012). The court is not required to accept the party's argument nor apply it to any sentencing considerations. *Id.* at 806.

Here, Defendant fails to meet his burden to establish that a sentence reduction would be consistent with the aforementioned factors. Indeed, Defendant does not discuss any specific factor, nor does he present "a specific, nonfrivolous argument" for the Court to review. *Id.* at 805. Thus, even if Ocampo had fulfilled the first step of the two-step test, he has not met his burden as to the second requirement.

///
///
///
///
////
///

## V.   CONCLUSION

For the reasons set forth above, Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   November 9, 2022

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE